## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALONA BROWN,                          :
                                      :
            *Plaintiff,*               :
                                      :
      v.                              :        2:25-cv-06617
                                      :
JET MOTOR SPORTS, INC. *t/a* IMPORTS   :
AUTO DIRECT & WESTLAKE SERVICES,       :
LLC. *d/b/a* WESTLAKE FINANCIAL        :
SERVICES,                             :
                                      :
            *Defendants*               :

### ORDER

AND NOW, this 11th day of May 2026, upon consideration of Defendant Westlake Services, LLC.'s (Westlake) Motion to Dismiss or Compel Arbitration (Dkt. 11) and Plaintiff's response thereto (Dkt. 14) it is hereby ORDERED that Westlake's Motion to Dismiss for Insufficient Service of Process is DENIED.

It is FURTHER ORDERED that Westlake's Motion to stay and compel arbitration is DENIED WITHOUT PREJUDICE to permit limited discovery as to whether a valid and enforceable arbitration agreement exists.[1]

The parties will have until **June 29, 2026,** to engage in limited discovery regarding whether a valid and enforceable arbitration agreement exists. After limited discovery is complete, the Defendant may refile its Motion to Stay Compel Arbitration, incorporating the facts uncovered during limited discovery regarding whether there is a valid and enforceable arbitration agreement.

1

Any follow-on motion to compel arbitration shall be submitted no later than **July 10, 2026**. Plaintiff's response will be due no later than **July 24, 2026**. The parties' briefs are not to exceed 12 pages. Any follow-on motion will be assessed under a summary judgment standard.[2] If, after limited discovery, the parties agree to proceed before this Court, they may inform the Court by way of a joint letter to chambers prior to the June 29, 2026, discovery deadline.

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

[1] Westlake filed this motion to dismiss and motion to compel arbitration on two separate grounds. First, Westlake asserts that Plaintiff failed to properly serve the complaint on Westlake's instate agent. Second, Westlake asserts that the matter should be stayed and sent to arbitration pursuant to the contract attached to its motion at Exhibit B.

As an initial matter, Westlake concedes in its motion that it is an out-of-state defendant. *See* Def.'s Mot. at ¶ 17. The Pennsylvania Rules of Civil Procedure do not mandate that service be made on an in-state agent for an out of state defendant. *Cf. City of Allentown v. O'Brien & Gere Eng'rs, Inc.*, No. CIV. A. 94-2384, 1995 WL 380019, at *6-*7 (E.D. Pa. June 26, 1995) (*citing Reichert v. TRW, Inc. Cutting Tools Div.*, 561 A.2d 745 (Pa. Super. 1989)) (concluding that Rule 424 sets forth the persons who may be served by hand delivery on behalf of an out of state corporation *should that manner of delivery be chosen by plaintiff*). Westlake cites case law supporting this exact assertion. *See* Def.'s Mot. at ¶ 18 (citing *Warner v. B. Pietrini & Sons*, No. 618 EDA 2016, 2017 WL 3142526, at *4 (Pa. Super. Ct. July 25, 2017) ("As a general rule, proper service of process *on a corporation in Pennsylvania* cannot be satisfied by certified mail."). Accordingly, this Court finds services was proper and thus, it has jurisdiction over the defendant.

Next, Westlake asserts that the contract mentioned above obligates the parties to arbitrate this dispute. Plaintiff responds that she did not personally sign the contract and that her signature was forged and thus she is not subject to the arbitration agreement contained therein. Whether a valid arbitration agreement exists is critical to this matter. Limited discovery regarding the context of the transaction including how Plaintiff's signature made it onto the contract or if Plaintiff had the opportunity to view the contract, will be dispositive. Accordingly, efficiency and the interest of justice counsel in favor of sussing those issues out now.

[2] *See Stabile v. Macy's, Inc.*, 751 F. Supp. 3d 429, 432 (D.N.J. 2024), *rev'd and remanded sub nom. Stabile v. Macys*, No. 24-2979, 2026 WL 611125 (3d Cir. Mar. 4, 2026).